IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLOCKWORK IP LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:14-CV-03879-N |
| | § | |
| v. | § | |
| | § | |
| PARR MANAGEMENT LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses third-party Defendant AirTime LLC's ("Airtime") motion to dismiss [54] and Plaintiff Clockwork IP LLC's ("Clockwork") motion to compel [55]. The Court denies Airtime's motion to dismiss, generally grants Clockwork's motion to compel, and overrules all of Defendant Parr Management LLC d/b/a/ First Call Service Pros's ("Parr") objections, except those that relate to privilege and Clockwork's requests for production 62–64.

## I. ORIGINS OF THE DISPUTE

This dispute arose when Clockwork filed an action against Parr, claiming that Parr violated federal trademark and trade dress statutes, Texas's anti-dilution law, and the common law, by improperly adopting trademarks and trade dress confusingly similar to the trademarks and trade dress of Clockwork. Def.'s Third-Party Compl. 3–4 [33]. For example, Clockwork contends that Parr has misappropriated and unlawfully copied the distinctive and registered yellow color of Clockwork's service trucks, the color and style of Clockwork's

ORDER – 1

technician uniforms, and Clockwork's "ONE HOUR" logo and advertising, among other violations. *Id.*

In 2009, Parr signed a membership agreement with Success Group International ("SGI"), a service industry company that provides companies and independent contractors, like Parr, with tools to run their businesses. *Id.* at 4. For example, SGI provides services such as image branding, advertising, employee training, and accounting. *Id.* The membership agreement required Parr to pay membership fees to associate with SGI. *Id.* at 7. But in return, SGI agreed to indemnify Parr, hold Parr harmless, and defend Parr for any claims, actions, or damages arising under its agreements with Parr. *Id.* at 8. Until mid-2014, Clockwork also associated with SGI, and SGI had access to information Clockwork utilized for its business. Parr claims that SGI and its affiliates provided Parr with access to Clockwork's information, tools, documents, materials, and resources. *Id.* Parr alleges its agents attended classes and seminars directed by SGI and its affiliates that used "materials authored and produced by Clockwork" when explaining to Parr how it could improve its business. *Id.* at 5. Airtime did not begin associating with SGI until 2013. When it did, Parr and Airtime signed a new agreement between themselves. Third-Party Def.'s Br. in Supp. of Mot. to Dismiss 4 [54–1]. The parties entered into the agreement on March 28, 2013. *Id.*

After Clockwork sued Parr for trademark and trade dress infringement, Parr filed a third-party complaint against SGI and its affiliates, including Airtime, claiming that if Clockwork had any meritorious claims against Parr, then third-party defendants are liable to Parr because they facilitated and encouraged Parr's adoption of the infringing trade dress and

trademarks. Def.'s Third-Party Compl. 6–11 [33]. The third-party complaint contained claims for contribution, indemnity, breach of contract, and negligence. *Id.* Airtime moved to dismiss, arguing that even if Parr did infringe Clockwork's registered trademarks, and even if SGI caused Parr to infringe those trademarks, Airtime cannot be liable because Parr began allegedly infringing Clockwork's trademarks and trade dress in 2009, and Airtime did not begin affiliating with SGI until 2013. Third-Party Def.'s Mot. to Dismiss 1 [54].

This Order also addresses Clockwork's motion to compel. Clockwork filed a motion to compel after Parr failed to produce documents it agreed to provide, produced an incomplete version of key documents, refused to produce relevant documents, and failed to provide complete responses to interrogatories. Pl.'s Mot. to Compel 1 [55]. Parr also failed to produce a privilege log in accordance with Federal Rule of Civil Procedure 26, despite the fact that it claimed some of the requested documents were privileged.

## II. THE COURT DENIES THE MOTION TO DISMISS

### *A. The 12(b)(6) Standard*

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts

well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536

(5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### B. The Court Denies the Motion to Dismiss Because Parr's Alleged Infringement Continues to This Day

Airtime argues that dismissal is appropriate in this case because it did not begin affiliating with SGI until 2013, and Parr allegedly began infringing Clockwork's trademarks and trade dress in 2009. Third-Party Def.'s Br. in Supp. of Mot. to Dismiss 6–7 [54–1]. Airtime contends that, given the timeline, liability is a logical impossibility because Airtime could not have caused Parr to infringe Clockwork's protected trademarks and trade dress. Third-party Def.'s Reply 1 [66]. Parr responded that Clockwork's complaint against it does not limit the timeline of Parr's infringement to 2009–2011, around the time it began infringing, and before Airtime associated with SGI. Def.'s Resp. 2 [63]. Instead, both Clockwork's complaint and Parr's third-party complaint allege that Clockwork's claims are for infringement that began in 2009 and continued to the present day. *Id.*

Airtime's arguments fail to persuade the Court in light of Clockwork's claim that Parr's alleged infringement of Clockwork's intellectual property has continued to the present. *See, e.g.*, Pl.'s Second Am. Compl. ¶¶ 33–35, 39–40, 49, 54 [41] (using present-tense

verbiage that connotes the alleged infringement has not ceased). Although Airtime could not have caused Parr's initial infringement of Clockwork's intellectual property in 2009, Parr alleges that Airtime and the other third-party defendants facilitated Parr's infringement of Clockwork's trade dress and protected marks by representing to Parr, on behalf of Clockwork, that Parr could utilize Clockwork's information and materials to build its own business. Def.'s Third-Party Compl. 3–4 [33]. Parr does not limit this allegation to the period of time between 2009 and 2011, but extends it to the present day. *Id.* The fact that Parr's infringement began in 2009 does not preclude the possibility that Airtime facilitated and encouraged Parr's continuing infringement from 2013 to the present. Although Airtime was not the initial cause of the alleged infringement, it could be a cause of the continuing infringement. Because Parr presented the Court with enough facts to state a claim to relief that is plausible on its face, the Court denies Airtime's motion to dismiss. *Twombly*, 550 U.S. at 570.

### III. THE COURT GRANTS CLOCKWORK'S MOTION TO COMPEL

Clockwork filed a motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) when Parr failed to produce the following: (1) documents Parr had previously agreed to produce; (2) a complete version of a key document; (3) documents relevant to production requests; and (4) complete responses to interrogatories. Pl.'s Mot. to Compel 1 [55]. Clockwork sent a detailed deficiency letter and several emails to Parr's counsel when Parr failed to comply fully with Clockwork's discovery requests. *Id.* When

two telephone conferences also failed to elicit the desired responses, Clockwork brought the matter before the Court. *Id.*

The Federal Rules of Civil Procedure state "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure." FED. R. CIV. P. 37. Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Thus, a court should allow the requested discovery "if [it] appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P.26(b)(1); *see also Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1342 (5th Cir. 1978). The party seeking discovery bears the initial burden to establish that the requested discovery is relevant. *See, e.g.*, *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010). A district court has wide discretion to supervise discovery. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990). It may limit discovery if the requested discovery would be unreasonably cumulative, duplicative, or could be obtained more easily from a different source, or if the burden or expense of the proposed discovery outweighs its potential benefit. FED. R. CIV. P.26(b)(2)(C). However, after the party seeking discovery establishes relevance, the party resisting discovery has the burden to show why the requested discovery is

irrelevant, overly broad, or unduly burdensome or oppressive. *See, e.g.*, *Abraham*, 271 F.R.D. at 559.

The Court addresses each of Clockwork's requests to compel production addressed in its motion:

***Request for Production 1***: Clockwork requests production of documents showing the corporate structure and ownership of Parr. *See* Pl.'s Mot. to Compel, Ex. B, Def. Parr's Objs. and Resps. to Pl. Clockwork's First Set of Reqs. for Produc. 3 [55-2] ("Reqs. for Produc."). Parr objected, in boilerplate language, that the request is overly broad. *Id.* In its Response brief, Parr also objected because it claimed it had already produced a document that shows Scott S. Parr to be the sole managing member of Parr, as well as its registered agent. Def.'s Resp. 4. The Court finds that Clockwork's request is not overly broad. Furthermore, it is relevant both to prove liability and to locate individuals with discoverable information. The document Parr produced is not sufficiently responsive to Clockwork's discovery request. Accordingly, the Court overrules Parr's objections and orders Parr either to produce the requested information or, after making a reasonable inquiry, amend its response to state no other documents responsive to the request exist. *See Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 448 (5th Cir. 1992) ("[P]arties [must] make a reasonable inquiry before conducting or opposing discovery in federal court.").

***Request for Production 25***: Clockwork requests Parr's internal communications mentioning or concerning the One Hour Trade Dress, One Hour Heating & Air Conditioning, or any One Hour Heating & Air Conditioning franchise. *See* Reqs. for Produc. 14. Parr

objected, in boilerplate language, that the request is overly broad. *Id.* The Court finds that Clockwork's request is not overly broad and it is relevant to prove liability. Accordingly, the Court overrules Parr's objections and orders Parr either to produce the requested information or, after making a reasonable inquiry, amend its response to state no other documents responsive to the request exist.

***Requests for Production 10 & 11 and Interrogatory 6***: Clockwork requests documents and information showing First Call's profits, costs, and expenses, and documents showing all sales First Call made, in units sold and in revenues, from 2007 to the present. *See* Reqs. for Produc. 7–8; Pl.'s Mot. to Compel, Ex. C, Def.'s Answers to Pl.'s First Set of Interrogs. 4 ("First Set of Interrogs."). Parr objected, in boilerplate language, that the requests are overly broad. *Id.* The Court finds that these requests are not overly broad and that they are relevant to the issue of Clockwork's damages. Accordingly, the Court overrules Parr's objections and orders Parr either to produce the requested information or, after making a reasonable inquiry, amend its responses to state no other documents or information responsive to the requests exist.

***Requests for Production 9 & 43***: Clockwork requests all searches, inquiries, investigations, reports, or analyses made by or on behalf of Parr regarding the availability of the First Call Trade Dress for use in the United States. *See* Reqs. for Produc. 7, 20 [55-2], [55-3]. Parr objected, in boilerplate language, that the requests are overly broad. *Id.* The Court finds that these requests are not overly broad and that they are relevant to Parr's liability. Accordingly, the Court overrules Parr's objections and orders Parr either to produce

the requested information or, after making a reasonable inquiry, amend its response to state no other documents responsive to the requests exist.

***Requests for Production 31 & 32***: Clockwork requests all documents relating to Parr's communications with third parties about this lawsuit and all of its internal communications regarding this lawsuit. Reqs. for Produc. 16 [55-3]. Parr objected, in boilerplate language, that the requests are overly broad. *Id.* Parr also objects that at least some of these documents are not discoverable because of attorney-client privilege and the work-product doctrine. *Id.* Finally, in its Response brief, Parr argues that the terms "third-parties" and "internal communications" are ambiguous. Def.'s Resp. 7. The Court sustains the objection that relates to privilege and orders Parr to produce a privilege log in accordance with Rule 26. The Court finds that the requests are relevant to proving liability and damages and that the terms "third-parties" and "internal communications" are not ambiguous. Finally, the Court finds that the requests are not overly broad. Accordingly, the Court overrules Parr's objections and orders Parr either to produce the requested information or, after making a reasonable inquiry, amend its response to state no other documents responsive to the requests exist.

***Request for Production 37***: Clockwork requests all documents concerning third parties' use of a mark that Parr considers similar to the One Hour Trade Dress or the First Call Trade Dress. *See* Reqs. for Produc. 18. Parr objected, in boilerplate language, that the request is overly broad. *Id.* The Court finds that the request is not overly broad and is relevant to the issue of Parr's liability. Accordingly, the Court overrules Parr's objections

ORDER – 10

and orders Parr either to produce the requested information or, after making a reasonable inquiry, amend its response to state no other documents responsive to the request exist.

***Requests for Production 39 & 40***: Clockwork requests all documents relating to each expert witness Parr has engaged in connection with this lawsuit and any written report, memorandum, opinion, or other written documents that were prepared by any expert witness. *See* Reqs. for Produc. 19. Parr objected, in boilerplate language, that the requests are overly broad. *Id.* Parr also objected that at least some of these documents are not discoverable under Rule 26. *Id.* Finally, Parr objected that the term "expert witness" is ambiguous. Def.'s Resp. 8.

The Court sustains the objection that relates to Rule 26 disclosure requirements. Rule 26 protects "drafts of any report or disclosure" that must be produced under the rules. FED. R. CIV. P. 26. Furthermore, Rule 26 protects "communications between the party's attorney and any witness required to provide a report." *Id.* Finally, absent exceptional circumstances, which Clockwork has not shown here, "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." *Id.* Accordingly, the Court sustains Parr's objections to production of documents protected under Rule 26 and orders Parr to produce a privilege log for all documents it claims are protected by the rules. The Court finds that the requests, except where protected by Rule 26, are relevant and discoverable. Furthermore, the term "expert witness" is not ambiguous and the requests are not overly

broad. Accordingly, the Court, except where it has noted otherwise, overrules Parr's objections and orders Parr either to produce the requested information or, after making a reasonable inquiry, amend its response to state no other documents responsive to the requests exist.

***Requests for Production 62–64***: Clockwork requests all documents that support Parr's defense that Clockwork's claim for attorneys' fees fails because it is unreasonable, all documents Parr used in preparing responses to Clockwork's First Set of Interrogatories, and all documents Parr intends to rely on or use in connection with this lawsuit. *See* Reqs. for Produc. 30 [55-4]. Parr objected that these requests are overly broad. *Id.* The Court sustains these objections. Clockwork has failed to make its requests with sufficient particularity.

***Incomplete Membership Agreement***: Clockwork requests the Airtime membership agreement between Parr and Airtime. Pl.'s Mot. to Compel 4. The Airtime membership agreement Parr produced is incomplete. *Id.* The fax header for the document shows that the agreement included six pages. *Id.* However, the version Parr produced omits pages three and six, which include the "Terms and Conditions" that govern the document. *Id.* In its Response brief to Clockwork's motion to compel, Parr argues that "the Burden should not now be on Defendants to produce the document." Def.'s Resp. 5. This objection has no basis in law. Parr has the duty to produce any documents that are relevant. *Oppenheimer*, 437 U.S. at 351. The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The membership agreement is relevant to the issue of Parr's

liability. Accordingly, the Court overrules Parr's objections and orders Parr either to produce the requested information or, after making a reasonable inquiry, amend its response to state no other documents responsive to the request exist.

***Interrogatory 2***: Clockwork requests that Parr identify its goods and services, the geographic location where Parr provides or has provided them, the date the First Call Trade Dress was used with each good or service, and the price of those goods and services. *See* First Set of Interrogs. 4. In its answer, Parr claimed that the term "geographic location" was vague, that the requested information is not relevant, and that the request is overly broad. *Id.* Furthermore, in its Response, Parr claims that it gave Clockwork a pricing guide that provided the information Clockwork seeks. Def.'s Resp. 9. In its Reply, Clockwork claims that the pricing guide does not identify the dates on which Parr first used the First Call Trade Dress for each good and service. Pl.'s Reply 8. The Court overrules Parr's objections because the information is relevant to issues of liability and damages and the request is not overly broad. Furthermore "geographic location" is not ambiguous. Because the pricing guide Parr produced does not contain the dates on which Parr first used the First Call Trade Dress for each good and service, the Court orders Parr to amend its response to include this information.

***Interrogatory 13***: Clockwork requests that Parr identify any oral or written licenses, contracts, agreements, understandings, or permissions between Parr and any individual or entity regarding the First Call Trade Dress or the One Hour Trade Dress. First Set of Interrogs. 10 [55-5]. Parr responded by objecting that the request is overly broad and also

by directing Clockwork to a number of documents containing communications between Parr and an advertising agency company. *Id.* These documents are not responsive to the interrogatory, however, because the communications are not licenses, contracts, or agreements between Parr and SGI or other third-party defendants. Furthermore, the request is not overly broad. Accordingly, the Court overrules Parr's objections and orders Parr either to identify the requested information or, after making a reasonable inquiry, amend its response to state no other documents responsive to the request exist.

***Interrogatories 5, 11, & 14–20***: In response to Clockwork's interrogatories 5, 11, and 14–20, Parr objects that the requests are overly broad and directs Clockwork to Parr's entire production of documents. First Set of Interrogs. 9, 11–15. The Court finds that these interrogatories are not overly broad. Furthermore, under Rule 33(b), the "grounds for objecting to an interrogatory must be stated with specificity." Because Parr's responses merely direct Clockwork to review its entire production of documents, the responses are insufficient under Rule 33(b). Accordingly, the Court overrules Parr's objections and orders Parr to amend its responses to these interrogatories.

## CONCLUSION

The Court denies Airtime's motion to dismiss because Parr has sufficiently pleaded facts to state a claim to relief that is plausible on its face. The Court generally grants Clockwork's motion to compel and overrules all of Parr's objections, except for those objections that relate to privilege and Clockwork's requests for production 62–64. The Court orders Parr to produce all documents responsive to Clockwork's discovery requests and all

responses to Clockwork's interrogatories in accordance with this Order within fourteen (14) days of the date of this Order. The Court further orders Parr to produce a privilege log in accordance with Federal Rule of Civil Procedure 26 for all of its objections that relate to privilege within fourteen (14) days of the date of this Order.

Signed March 21, 2016.

_____
David C. Godbey
United States District Judge